# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

    **Plaintiff,**

    v.                                                                  Case No. 19-CV-195

**MICHAEL STEVENS,**

    **Defendant.**

# ORDER

Plaintiff Ramon Alvarado, Jr. is a Wisconsin inmate representing himself in this 42 U.S.C. § 1983 lawsuit about a conduct report he received while at Milwaukee County Jail. He is now housed at Waupun Correctional Institution. He has filed several motions to amend his complaint, a motion to join this case with 19-CV-194, motions for reconsideration, a motion for access to his case, and motions relating to discovery. I will address each in turn.

1. *Motion to Amend Complaint*

In all, Alvarado has filed four motions to amend his complaint. The most recent motion (Docket # 43) is really a reply brief in support of his second most recent motion (Docket # 40). I will deny it as moot but will consider the arguments he makes in it. I will also deny as moot his first two motions for leave to amend his complaint because they were, in effect, supplanted by his most recent motion. (Docket # 21, 23.)

Currently, Alvarado is proceeding against defendant Michael Stevens on a claim under §1983 that he violated his due process rights during the conduct report and

disciplinary process as well as a state law claim for intentional infliction of emotional distress. (Docket # 8.) In his motion to amend, Alvarado explains that he would like to add Julio Ithier as a defendant because Ithier failed to give Alvarado the requisite notice of his disciplinary hearing. (Docket # 40.) In his proposed amended complaint, Alvarado also includes allegations about a Milwaukee County policy to not provide inmates with a notice of hearing. (Docket # 40-1 at 2–3.)

Leave to amend should be freely given by the court. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). But a court may deny leave to file an amended complaint in the case of undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Alvarado waited well past his deadline to amend as a matter of right: July 29, 2019.[1] He filed his first motion to amend nearly four months later, near the end of discovery (even once discovery had been extended). (*See* Docket # 21.) In that first motion, he does ask to add Ithier as a defendant for not giving him notice of his hearing. He says Ithier wrote his conduct report but did not give him 24-hour notice of his hearing. But Alvarado does not explain his delay in filing the motion to amend. Discovery had been open for four months. Even assuming he did not know Ithier wrote the report (which seems unlikely), he does not

---

[1] The defendant answered the complaint on July 8, 2019. (Docket # 15.) Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff can amend as a matter of right within 21 days of service on the answer.

explain why it took him so long to move to add Ithier as a defendant. I note that Ithier is a defendant in Alvarado's companion lawsuit, 19-CV-194. I will deny Alvarado's motion to add Ithier as a defendant based on the undue—and unexplained—delay in moving to add Ithier as a defendant.

To the extent that Alvarado is trying to bring a policy claim, I will deny the motion as futile. A proposed amendment is futile where it would not survive a motion to dismiss. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). A case will not survive a motion to dismiss where it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

District Judge Lynn Adelman, who screened the complaint, did not allow Alvarado to proceed on a claim against the County or against Stevens in his official capacity because he did not sufficiently plead that there was a custom or policy of denying inmates their due process rights. (Docket # 8 at 4.) In his original complaint, Alvarado only pleaded a "wide-spread custom" of denying inmates their due process rights. (*See* Docket # 1, 8.) That remains true here: Alvarado alleges that there is "wide-spread custom by county jail officers of not informing inmates . . . of a notice of hearing." (Docket # 40-1.) First, this is an allegation related to Ithier, who I will not allow to be added as a defendant. Second, courts do not have to "accept as true legal conclusion[s, or t]hreadbare recitals of the elements of cause action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation marks omitted). And that is all Alvarado has offered.

I deny Alvarado's motion to amend his complaint. His original complaint (Docket # 1) remains the operative complaint in this case.

2. *Motions for Reconsideration*

Alvarado also filed two motions for reconsideration. (Docket # 33, 34.) His first motion asks to correct an error in the screening order in one of his other cases, 19-CV-194, so I will deny that motion. His second motion asks to correct the screening order. The screening order states that being placed in segregation caused him to lose his criminal appeal. (Docket # 8 at 3.) Alvarado says that what he meant is that defendant Stevens gave him 33 days in segregation to *try* to get him to lose his appeal. (Docket # 34 at 1.)

Federal Rule of Civil Procedure 60(b) allows for relief from an order in the event of "mistake" (among other things). Alvarado's complaint is a little unclear about how segregation affected his criminal appeal, and it is unclear to me how this has any bearing on the case. But I will grant the motion. The record should reflect that Alvarado alleges that Stevens' decision to give him 33 days segregation was an unsuccessful attempt to make Alvarado lose his criminal appeal.

3. *Motion to Join Cases*

Alvarado filed a motion "for permissive joinder of parties and claims." (Docket # 27.) Though Alvarado cites to Federal Rules of Civil Procedure 18 and 20, which allow for the joinder of claims and parties, respectively, I understand him to be asking me to consolidate his cases under Federal Rule of Civil Procedure 42(a). That rule says that if actions "before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. C. P. 42(a)(2). I have granted the motion to consolidate in 19-CV-194. Under the Local Rules, the order consolidating the motions should be issued in the lowest-numbered case. Civil L.R. 42(a). The cases are consolidated, and I deny the

motion to consolidate in this case as moot. All future pleadings will proceed under case number 19-CV-194.

4. *Motion for Access to Case*

Alvarado also moves for an order directing the warden of his institution to allow him to e-file his documents and to do his research. (Docket # 28.) He explains that the prison was on lockdown, which inhibited his ability to do these tasks. However, courts are reluctant to interfere with prison administrative matters unless a constitutional concern in present. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The potential constitutional concern—that is, accessing the court—is not present here. Since filing this motion, Alvarado has filed six more motions and remained in contact with the court. I will deny his motion.

I also note that these types of issues—such as lockdowns—are better addressed by giving plaintiffs more time to compete tasks. This case has been stayed, but now institutions are facing new challenges with COVID-19. If Alvarado experiences issues with being able to meet deadlines, he should request more time.

5. *Motion to Compel*

Alvarado has also filed a motion to compel the defendant to respond more fully to certain discovery requests. (Docket # 26.) Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's lawyer before asking the court to get involved. And, if the parties cannot work out the dispute and a party does file a motion to compel, that party

must include proof in his motion that he first tried to work it out with the opposing party's lawyer.

Alvarado has not complied with Local Rule 37, so I will deny his motion without prejudice. Parties are often able to resolve their disputes without the court's help. I note that deadlines in this case have been stayed, but discovery is being reopened and the parties can attempt to work this out without the court's involvement. Informal resolution without the court's involvement saves both the court and the parties time and resources. Though the defendants explained their objections in their response to his request for the production of documents (*see* docket # 37), Alvarado should contact defense counsel (preferably by letter) to get a better understanding of why the defendants objected to his requests. I also encourage Alvarado to keep the parameters of his claims against Stevens in mind. He is only suing Stevens in his official capacity. To the extent it is needed, a brief discussion may easily resolve whatever issues exist and save everyone the time and effort of briefing a motion. I encourage the parties to be flexible and to work with one another in good faith. If the parties cannot reach an agreement and Alvarado decides to re-file the motion, he should be sure to comply with Civil Local Rule 37.

6. *Motion for Extension of Time*

Finally, Alvarado filed a motion asking the court to extend the deadlines for discovery and dispositive motions. Since this case is being consolidated with 19-CV-194, it will have the same deadlines. His motion is moot, and I will deny it as such. The new discovery deadline is **October 1, 2020**. Dispositive motions, along with all supporting materials, are due **November 2, 2020**.

ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Alvarado's motion to amend his complaint (Docket # 40) is **DENIED.**

**IT IS FURTHER ORDERED** that Alvarado's previous motions to amend his complaint (Docket # 21, 23) are **DENIED as moot**.

**IT IS ALSO ORDERED** that Alvarado's motion to amend his complaint (Docket # 43), which is better characterized as a reply brief, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Alvarado's first motion for reconsideration (Docket # 33) is **DENIED**.

**IT IS ALSO ORDERED** that Alvarado's second motion for reconsideration (Docket # 34) is **GRANTED**. The record should reflect that Alvarado alleges that Stevens decision to give him 33 days segregation was an unsuccessful attempt to make Alvarado lose his criminal appeal.

**IT IS FURTHER ORDERED** that Alvarado's motion to join claims (Docket # 27), which I construe as motion to consolidate, is **DENIED as moot**.

**IT IS ALSO ORDERED** that Alvarado's motion for access to his case (Docket # 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Alvarado's motion to compel (Docket # 36) is **DENIED without prejudice**.

**IT IS ALSO ORDERED** that Alvarado's motion for an extension of time (Docket # 35) is **DENIED as moot** based on consolidation with 19-CV-194. The discovery deadline

for the consolidated case is **October 1, 2020**. Dispositive motions are due **November 2, 2020**.

Dated at Milwaukee, Wisconsin this 28th day of August, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge